UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:23-cv-01584 ) |
| $299,745.00 IN UNITED STATES CURRENCY, | ) ) |
| Defendant. | ) ) |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Traci M. Cosby, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), and alleges on information and belief as follows:

**NATURE OF THE CLAIM**

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking forfeiture of the $299,745.00 in U.S. Currency ("Defendant Currency") based on violations of 21 U.S.C. § 801 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C.

§ 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Currency is now, and during the pendency of this action will be, found within the Southern District of Indiana.

**DEFENDANT**

5. The Defendant is two-hundred-ninety-nine thousand, seven-hundred-forty-five dollars in United States Currency ("$299,745.00," or "Defendant Currency") (Asset Identification Number 23-DEA-702447).

**FACTS**

6. At approximately 3:20 p.m. on April 26, 2023, Indiana State Police ("ISP") Trooper Adam Buchta was patrolling westbound Interstate 70 at the 119.6-mile marker, which is located in Henry County, Indiana. At that time, Trooper Buchta observed a red 2021 GMC pick-up with Florida Plate #98BTSE in the right lane that was following too closely behind a semi-truck. Trooper Buchta activated his emergency equipment and pulled the GMC pick-up over, onto the right shoulder of Interstate 70 westbound at the 118.3-mile marker.

7. Trooper Buchta approached the passenger side of the GMC pick-up and asked the driver for his license and registration. The driver identified himself with a Texas Operator's License as Jose Manuel Garcia Jr. ("Garcia") from Pharr, Texas. Garcia was the sole occupant in the GMC pick-up. Garcia also provided a rental agreement for the GMC pick-up ("Agreement"), which

showed that Garcia rented the GMC pick-up on April 25, 2023, at 10:29 p.m., in Cleveland, Ohio, from Budget Rent A Car. The Agreement also showed that he intended to return the GMC pick-up in Indianapolis, Indiana at 10:30 p.m. on April 27, 2023.

8. Trooper Buchta observed that Garcia was visibly shaking and avoiding eye contact during his initial interaction. Garcia told the officer that he was traveling to Indianapolis to visit his family in Indianapolis. He said he flew from Pharr, Texas to Cleveland, Ohio the day earlier because it was cheaper to fly into Cleveland, and then spent the night at a motel in the Cleveland metropolitan area before renting a large GMC Sierra pick-up to drive from Cleveland to Indianapolis. Garcia told the officer he planned to return to Texas on "Thursday," the following day, but he had not yet purchased a plane ticket. Garcia told the officer that he was currently unemployed. While talking with Garcia, the officer observed two duffle bags inside the truck.

9. Trooper Buchta was suspicious that Garcia was involved in interstate drug trafficking; therefore, he requested that Indiana State Police ("ISP") K-9 Trooper Christopher Waltz come to the location of the traffic stop.

10. The officer then told Garcia that he was going to issue a warning and asked him if he had ever been in trouble before, to which Garcia answered in the affirmative and stated that it was because of money. A review of court records shows that in 2018, Garcia was a passenger in a semi tractor-trailer truck that was stopped in Indiana on I-65 for a traffic violation. Inside the trailer, law enforcement located a brief case containing $80,250.00 cash. Garcia claimed ownership of the money, and law enforcement found a receipt from a marijuana dispensary in Las Vegas, Nevada for Garcia. Further, a narcotics canine gave a positive alert for narcotic odor on the semi. The cash was seized, and a complaint was filed. *See United States of America v. $80,250.00 in United States Currency*, No. 4:18-cv-214-RLY-DML (resolved by Court Order granting *Stipulation and*

*Agreement to Judgment of Forfeiture* February 27, 2019).

11. Trooper Waltz arrived at the traffic stop, and deployed his certified narcotic canine, "Cole," for an open-air exterior sniff of the GMC pick-up. The canine alerted to the odor of a narcotic on the front driver side door. The officer asked Garcia if there were any narcotics or large amounts of cash in the GMC Sierra pick-up. Garcia stated that there was money inside the truck.

12. The officers searched the GMC Sierra pickup and located two gym bags on the rear driver's side floor. One bag contained a few articles of clothing and tennis shoes. The other bag contained three heat-sealed packages of cash. That cash was individually bundled in different denominations, with a single playing card located on each bundle. Drug trafficking organizations routinely use various methods to count proceeds. Law enforcement believed the playing cards indicated some system for tracking the stacks of cash being transported.







  

13. Garcia was read his Miranda Rights, and he stated that he understood them. Garcia stated that the money belonged to him, but refused to answer any other questions, including the source of the money or the amount of money in the duffle bag.

14. Drug Enforcement Administration ("DEA") Special Agent Erik Collins and DEA Task Force Officer ("TFO") Shane Melton arrived on the scene. SA Collins searched the gym bag and found the currency. He also checked Garcia's cell phone GPS and determined that it was set to travel to an address that was miles from the area where Garcia said that the family he was visiting lived. Based on SA Collins' training and experience, he knows that drug traffickers and money launderers operating across state lines routinely use cellular telephones to coordinate their drug trafficking and money laundering activities. He also knows that that these drug traffickers and money launderers frequently utilize multiple cellular telephones to conduct this illegal activity, in an effort to thwart law enforcement scrutiny. SA Collins attempted to interview Garcia; however, Garcia did not respond to his questions.

15. Once the Defendant Currency was removed from the GMC Sierra pickup, Trooper Waltz's canine "Cole" performed an open-air canine sniff on the money. The canine gave a positive indication of narcotic odor on the Defendant Currency.

16. As there was probable cause to seize the Defendant Currency for violations of federal

5

and state-controlled substance laws, the Defendant Currency was seized and taken into custody. SA Collins also seized three of Garcia's cellphones. SA Collins and TFO Melton transported the Defendant Currency and the cellphones to DEA Indianapolis District Office.

17. Garcia was released at the scene and given a traffic warning.

18. On May 1, 2023, DEA Indianapolis District Office transported the Defendant Currency to Loomis, a cash handling company. A complete count of the currency revealed the following denominations:

- $5 bills (367);
- $10 bills (572);
- $20 bills (7872);
- $50 bills (1091); and
- $100 bills (802).

The official Loomis money count is $299,745.00 in U.S. Currency.

19. Garcia was stopped again after this seizure on July 8, 2023, on I-70 in Little Point, Indiana. He was again driving a Mazda SUV and committed a number of traffic violations, resulting in a traffic stop. Garcia was the sole occupant of the Mazda SUV. Law enforcement observed that the Mazda had tool marks around the console area, indicating that the console may have been dismantled. A certified narcotics canine conducted an open-air canine sniff on the Mazda and indicated a positive result for the presence of a narcotic odor. No contraband was located inside the SUV at the time of the stop.

## PERTINENT STATUES

20. Under 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

21. Under 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by

any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to 21 U.S.C. § 881 (a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## **CLAIM FOR RELIEF**

22.     Based on the factual allegation set forth above, the Defendant Currency is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act," 21 U.S.C. § 841 and 846. Consequently, the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency forfeited to the United States for disposition under the law; and that the United States be granted any additional relief this court deems just and proper.

            ZACHARY A. MYERS
            United States Attorney


By:  */s/ Traci M. Cosby*
    Traci Marie Cosby
    Assistant United States Attorney
    Office of the United States Attorney
    10 W Market St., Suite 2100
    Indianapolis, IN 46204-3048
    Telephone: (317) 226-6333
    Fax: (317) 226-5027
    Traci.Cosby@usdoj.gov

## **VERIFICATION**

    I, Special Agent Erik Collins, hereby verify and declare under penalty of perjury that I am a Special Agent for the United States Drug Enforcement Administration ("DEA"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof. I further declare that the matters contained in the Complaint are true to my own knowledge, except for those matters stated to be alleged on information and belief, which I believe to be true.

    The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States; information supplied to me by other law enforcement offices; as well as my investigation of this case as a Special Agent with the DEA and with other law enforcement officers.

    I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: __9/5/23__   _____[signature]_____

                                                       Erik M. Collins, Special Agent, DEA