UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $299,745.00 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> ────────────────────────── <br> ) <br> JOSE MANUEL GARCIA, JR., ) <br> ) <br> Claimant. ) | No. 1:23-cv-01584-SEB-MKK |

**ORDER DENYING CLAIMANT'S MOTION FOR INTERLOCUTORY APPEAL**

Before the Court is Claimant Jose Manuel Garcia, Jr.'s ("Mr. Garcia") Motion for Interlocutory Appeal, dkt. 17, seeking certification for interlocutory appeal of our May 1, 2024, Order Denying Claimant's Motion to Dismiss, dkt. 16 (hereinafter, the "May 2024 Order"). For the reasons explained below, Mr. Garcia's Motion is **DENIED**.

**BACKGROUND**

Because our May 2024 Order provides a detailed recitation of the Government's factual allegations, we provide only a summary of the underlying background below.

According to the Government's averments, Indiana State Police Trooper Adam Buchta ("Trooper Buchta"), later joined by Trooper Christopher Waltz ("Trooper Waltz") and his certified narcotics canine K-9 Cole, were conducting a routine traffic stop of a pick-up truck driven by Mr. Garcia when they located a gym bag on the floor behind the driver's

1

seat containing three heat-sealed bags of United States Currency (totaling in $299,745.00), bundled by denomination and marked by single playing cards. The Troopers contacted the Drug Enforcement Agency ("DEA") for further investigative assistance, prompting the arrival of DEA Special Agent Erik Collins ("SA Collins") and DEA Task Force Officer Shane Melton ("TFO Melton") on scene. Finding that there was probable cause to seize the Currency for violations of federal and state controlled substances laws, SA Collins took the Currency (as well as Mr. Garcia's three cell phones) into custody and transported them to the DEA's Indianapolis District Office. Mr. Garcia was issued a warning ticket and released at the scene.

On September 5, 2023, the Government brought this civil forfeiture action against Defendant $299,745.00 in United States Currency (the "Currency"), pursuant to 18 U.S.C. § 981(a)(1)(A). Dkt. 1. The Government asserts that the Currency is subject to forfeiture because it was used or intended to be used in exchange for controlled substances; represents proceeds of trafficking in controlled substances; or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

On September 7, 2023, Mr. Garcia filed a Notice of Claim, asserting an interest in the Currency and contesting the forfeiture. Dkt. 8. On September 24, 2023, Mr. Garcia moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing (1) that this Court lacked jurisdiction over the *res* because federal authorities did not obtain a turnover order from state court before taking custody of the Currency; and (2) that the Government's allegations did not plausibly support a finding of probable cause that the Currency was connected to a criminal offense. Dkt. 12.

On May 1, 2024, we denied Mr. Garcia's Motion to Dismiss, holding (1) that, with regard to our *in rem* jurisdiction, "the Complaint plausibly alleges that the DEA agents—and the DEA agents *alone*—ultimately decided to seize the Currency, and only they took full possession of the Currency," thereby obviating the purported need for a turnover order from state court, dkt. 16 at 11 (emphasis in original); and (2) that, "at the pleading stage, the government need only 'allege facts that support a reasonable belief'—rather than probable cause—'that there was a substantial connection between the Currency and a criminal offense,' " *id.* at 16 (quoting *United States v. $42,600.00 in United States Currency*, 409 F. Supp. 3d 671, 675 (S.D. Ind. 2019)). Applying the "reasonable belief" standard to the Verified Complaint, we concluded that the Government had averred sufficient facts to proceed.

On May 6, 2024, Mr. Garcia moved for leave to take an interlocutory appeal of our May 2024 Order. Dkt. 17. That motion is now fully briefed and ripe for ruling.

## LEGAL STANDARD

Generally, appeals may only be taken from the "final decisions of the district courts." 28 U.S.C. § 1291. A party may petition for leave to file an interlocutory appeal of a nonfinal order, provided that the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). The Seventh Circuit has admonished that district courts "may not and should not" certify an order for an immediate appeal unless the following statutory criteria are satisfied: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the

3

litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Additionally, a § 1292(b) petition "must be filed in the district court within a reasonable time after the order sought to be appealed." *Id.* (emphasis removed).

"The criteria are conjunctive, not disjunctive," meaning that the absence of any criterion warrants denial of a request to certify an interlocutory appeal. *Id.* at 676 "Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). As such, the party seeking certification for interlocutory appeal bears the heavy burden of persuading the court "that *exceptional circumstances* justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Bridgestone/Firestone, Inc. Tires Prod. Liab. Litig.*, 212 F. Supp. 2d 903, 909 (S.D. Ind. 2002) (emphasis in original).

## DISCUSSION

Mr. Garcia seeks certification of the following issues: (1) whether the Court lacks jurisdiction over the Currency; and (2) whether the Government's Complaint states sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial. Dkt. 18 at 2. The parties do not dispute that either issue is controlling or that Mr. Garcia's § 1292(b) petition was timely filed. The Government contends, however, that Mr. Garcia has failed to satisfy his burden, as the party seeking an immediate appeal, of establishing the remaining three criteria: to wit, whether there are questions of law that are contestable and whose resolutions would expedite this litigation.

For purposes of § 1292(b), a "question of law" means "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*,

4

219 F.3d at 676. "The framers of § 1292(b) intended the term 'question of law' to refer to a ' "pure" question of law rather than an issue that might be free from factual contest.' " *Whitmore v. Symons Int'l Grp., Inc.*, No. 1:09-cv-391-RLY-TAB, 2012 WL 3308990, at *1 (S.D. Ind. Aug. 13, 2012) (quoting *Ahrenholz*, 219 F.3d at 676–77). A "pure question of law" is "something the court of appeals could decide quickly and cleanly without having to study the record . . . ." *Ahrenholz*, 219 F.3d at 677.

A showing of "contestability" requires that there be a "substantial ground for difference of opinion" as to the correct disposition. *Emley v. Wal-Mart Stores, Inc.*, No. 1-17-cv-02350-SEB-TAB, 2020 WL 108374, at *5 (S.D. Ind. Jan. 8, 2020). To evaluate contestability, we examine "the strength of the arguments in opposition to the challenged ruling," which process includes "examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *United States v. Select Med. Corp.*, No. 3:12-cv-00051-RLY-DML, 2017 WL 468276, at *3 (S.D. Ind. Feb. 3, 2017) (quotation marks and citations omitted). "[T]he mere lack of judicial precedent on the issue[ ] does not establish substantial ground for difference of opinion." *Emley*, 2020 WL 108374, at *5 (quoting *Bridgestone/Firestone*, 212 F. Supp. 2d at 909). "If the central question of law has not been settled by controlling authority, the moving party must still show that there is a substantial likelihood that the district court ruling will be reversed on appeal." *Boese v. Paramount Pictures Corp.*, 952 F. Supp. 550, 560–61 (N.D. Ill. 1996).

Applying these principles to the case before us, we conclude that Mr. Garcia has failed to show that his first question concerning our *in rem* jurisdiction meets the threshold criteria for certification. In his opening brief, Mr. Garcia frames the issue he seeks to appeal

5

as "[w]hether the district court lacks jurisdiction because of the absence of a state turnover order." Dkt. 18 at 5. According to Mr. Garcia, our May 2024 Order, dkt. 16, "completely ignore[d] the totality of the facts as alleged" in the Government's Verified Complaint, which, in his view, made "it . . . crystal clear that the money was initially seized by state actors; not federal agents." *Id.* at 4. We disagree that Mr. Garcia's statement of the issue reflects a question of law. To the contrary, Mr. Garcia's own framing of the pertinent inquiry reveals that the necessity of a state turnover order (as a prerequisite to federal jurisdiction) turns on resolution of *disputed* facts. In short, his bare assertion that the "concept of . . . jurisdiction" constitutes question of law is unpersuasive and unavailing.

In his reply brief, Mr. Garcia frames this first issue differently, restating it as "whether state actors may avoid state law by summoning federal agents to the scene to confiscate money the state interdiction officers believe is subject to seizure." Dkt. 21 at 2. "[T]he Seventh Circuit has admonished over and over [that] reply briefs are for replying, not for raising new matters or arguments that could and ought to have been advanced in the opening brief." *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 929 (N.D. Ill. 2009) (collecting cases). Thus, Mr. Garcia's (apparent) attempt to change tack in his reply brief renders the need for our "further consideration . . . unnecessary." *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998).[1]

---

[1] To the extent that Mr. Garcia's reply brief simply clarifies (rather than modifies) his opening argument, our conclusion that an interlocutory appeal is unwarranted would remain unchanged due to his failure to develop any argumentation and to muster supporting legal authority addressing the remaining § 1292(b) criteria. *See United States v. Boyle*, 484 F.3d 943, 946 (7th Cir. 2007) (contentions forfeited when party fails to develop argument with supporting authority).

Turning to the second question regarding the sufficiency of the Government's factual allegations, Mr. Garcia has not shown that all of the requirements of § 1292(b) are satisfied. Mr. Garcia disputes whether the Government averred sufficient facts to support a reasonable belief that a substantial connection exists between the Currency and a criminal offense, dkt. 18 at 1, 3; and whether the enactment of the Civil Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983 *et seq.*, affects the Government's pleading burden, dkt. 18 at 4–5. Accepting, for present purposes, that either iteration qualifies as a pure question of law, *see In re Text Messaging Antitr. Litig.*, 630 F.3d 622, 625 (7th Cir. 2010), Mr. Garcia's request for an immediate appeal must be denied because he has failed to demonstrate that the matter is contestable.

Mr. Garcia contends that he "is not seeking [an] interlocutory appeal on a well-settled or clearly established question of law" (though he offers no further, meaningful elaboration). Dkt. 18 at 6; *e.g.*, dkt. 21 at 3. As discussed at length in our May 2024 Order, the Seventh Circuit has not yet addressed the CAFRA's effect, if any, on the pleading standard in civil forfeiture actions, nor does existing caselaw from other Circuits reflect complete unanimity. *Compare United States v. Lopez-Burgos*, 435 F.3d 1, 2 (1st Cir. 2006) (holding that CAFRA "statutorily superseded" the preexisting probable cause requirement), *and United States v. $557,933.89, More or Less, in United States Funds*, 287 F.3d 66, 77 (2d Cir. 2002) (same), *with United States v. $493,850 in U.S. Currency*, 518 F.3d 1159, 1167–69 (9th Cir. 2008) (holding that CAFRA did not affect government's burden to plead probable cause). Persuaded by the analysis set forth in a prior decision of our Court, *$42,600.00 in United States Currency*, 409 F. Supp. 3d 671, 674–76 (S.D. Ind. 2019), we ultimately

joined the First and Second Circuits in holding that, under the CAFRA, the Government need only allege sufficient facts to support a reasonable belief that the seized property has a substantial connection to a criminal offense.

Though we concede the absence of controlling authority as well as the Ninth Circuit's outlier conclusion regarding the Government's pleading burden, Mr. Garcia still has not shown that the issue is "contestable" for purposes of § 1292(b), as he himself does not cite directly to any such contradictory authority, *see* dkt. 21 at 3 (referring to the "9th Circuit" and "other Circuits" generically), outline the countervailing reasoning, or otherwise demonstrate a "substantial likelihood" that our ruling would be reversed on appeal. *See Boese*, 952 F. Supp. at 560–61. Indeed, Mr. Garcia asserts nothing more than an unadorned claim that "[t]his unresolved question of law is the epitome of contestability." Dkt. 21 at 3. "[P]erfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority," *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021), do not persuade us that the pleading issue is contestable. As such, this case does not present the type of exceptional circumstances that might otherwise warrant the certification of an interlocutory appeal. *See In re Bridgestone/Firestone*, 212 F. Supp. 2d at 909.[2]

---

[2] Because the criteria for interlocutory appeal are conjunctive, not disjunctive, and Mr. Garcia has failed to satisfy all of the requirements, we need not address whether an immediate appeal would materially advance the ultimate termination of this litigation. *See Ahrenholz*, 219 F.3d at 676.

## CONCLUSION

As explained above, Mr. Garcia has not proposed for certification any questions of law that satisfy all of the requirements of § 1292(b). Accordingly, the Claimant's Motion for Interlocutory Appeal, dkt. 17, is **DENIED**.

IT IS SO ORDERED.

Date: 3/3/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Traci Marie Cosby
DOJ-USAO
Traci.Cosby@usdoj.gov

Stephen G. Gray
ATTORNEY AT LAW
misstuffy@aol.com